FERDINAND W. GEILER, Appellant, *v.* FREDERICK M. LITTLE-FIELD et al., Respondents.

1. ESTOPPEL. Equity will not make an estoppel work any further than is reasonably and fairly within the intendment of the parties.

2. CREDITOR'S ACTION — ESTOPPEL AS TO PORTION OF PROPERTY. When a judgment creditor sues to set aside as fraudulent a conveyance made by the judgment debtor of two separate parcels of real estate, a waiver or estoppel as to one parcel will not, where the circumstances render an extension thereof inequitable, operate to prevent the maintenance of the action as against the other parcel.

*Geiler* v. *Littlefield* (4 Misc. Rep. 152), reversed.

(Argued January 30, 1896; decided March 3, 1896.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made June 5, 1893, which affirmed a judgment in favor of defendants dismissing the complaint upon the merits, entered upon a decision of the court on trial at an equity term.

The facts are stated in the opinion.

*Edward J. McGanney* for appellant. There was no estoppel. (*Place* v. *Hayward,* 117 N. Y. 487; *Galvin* v. *Mayor, etc.,* 112 N. Y. 223; *McNally* v. *P. Ins. Co.,* 137 N. Y. 389; *H. M. Co.* v. *Farrington,* 82 N. Y. 121; *N. Y. Rubber Co.* v. *Rothery,* 107 N. Y. 310; *Tyler* v. *Association,* 145 Mass. 134; *Wilcox* v. *Howell,* 44 N. Y. 402; *Ins. Co.* v. *Wilkinson,* 13 Wall. 222; *Dickinson* v. *Colegrove,* 100 U. S. 578, 580; *White* v. *Ashton,* 51 N. Y. 280, 287.) Littlefield must show

substantial loss, injury or detriment to himself, or an estoppel will not arise. (*Howe M. Co.* v. *Farrington*, 82 N. Y. 121; *Plumb* v. *C. Co. M. Ins. Co.*, 18 N. Y. 392; *Armour* v. *M. C. R. R. Co.*, 65 N. Y. 111; *Muller* v. *Pondir*, 55 N. Y. 325; *Winegar* v. *Fowler*, 82 N. Y. 315; *Andrews* v. *A. L. Ins. Co.*, 92 N. Y. 602; *Spencer* v. *C. M. L. Ins. Assn.*, 142 N. Y. 505; *Corning* v. *T. I. & N. Factory*, 44 N. Y. 596; *Wind* v. *Bank*, 39 Mo. App. 72; *Ehiler* v. *Brauen*, 22 Ill. App. 391; *Winslow* v. *Cooper*, 104 Ill. 235; *Simpson* v. *Pearson*, 31 Ind. 1; *Demil* v. *Moffat*, 49 Mich. 125; *Earl* v. *Stevens*, 57 Vt. 474; *Piper* v. *Gilmer*, 49 Maine, 149; *Austin* v. *Thompson*, 45 N. H. 113; *Martin* v. *Zellerbach*, 38 Cal. 300; *Heiser* v. *McGrath*, 52 Penn. St. 531; *Trenton B. Co.* v. *Duncan*, 86 N. Y. 221; *Townsend Bank* v. *Todd*, 47 Conn. 190; *Finnegan* v. *Carraher*, 47 N. Y. 500; *Clark* v. *Weaver*, 17 Hun, 488; *White* v. *C. Nat. Bank*, 64 N. Y. 322; *McMaster* v. *Ins. Co. of N. A.*, 55 N. Y. 233; *Malloney* v. *Horan*, 49 N. Y. 111.) There was no election by plaintiff that would preclude him from prosecuting this action on the ground that he affirmed the deed of March tenth to Littlefield. (*Mills* v. *Parkhurst*, 126 N. Y. 89; *Terry* v. *Munger*, 121 N. Y. 161; *Cornihan* v. *Thomson*, 111 Mass. 272; *Jones* v. *Carter*, 15 M. & W. 718; *Grimwood* v. *Moss*, L. R. [7 C. P.] 360; *Dinsmore* v. *Duncan*, 57 N. Y. 580.) There was no ratification or confirmation by plaintiff of Littlefield's title. (*Glenn* v. *Garth*, 133 N. Y. 35; *Barnard* v. *Gantz*, 140 N. Y. 249; *King* v. *Mackellar*, 109 N. Y. 215; *Kelly* v. *Geer*, 101 N. Y. 664; *Holmes* v. *Requa*, 26 N. Y. 351; *Boerum* v. *Schenck*, 41 N. Y. 191; *Royce* v. *Watrous*, 73 N. Y. 598; *Hathorne* v. *Hodges*, 28 N. Y. 492; *Smith* v. *Savin*, 141 N. Y. 324; *Faxon* v. *Mason*, 76 Hun, 413; *Mills* v. *Parkhurst*, 126 N. Y. 93; *Terry* v. *Munger*, 121 N. Y. 167.) An assent by a creditor which would preclude him from asserting his rights against property must rest upon agreement and be supported by a consideration. (*Mandeville* v. *Avery*, 124 N. Y. 376; *Hamlin* v. *Sears*, 82 N. Y. 327; *Seymour* v. *Minturn*, 17 Johns. 169, 174; *Purdy*

v. *R., W. & O. R. R. Co.*, 125 N. Y. 209; *Stout* v. *Stout,* 77 Ind. 537; *Hays* v. *Heidelberg*, 9 Penn. St. 203; *Kinney* v. *Kiernan*, 49 N. Y. 169; *Carpenter* v. *Heriot*, 1 Eden, 338; *Morse* v. *Royal*, 12 Ves. 355; *Haydock* v. *Coope*, 53 N. Y. 68; *Rapalee* v. *Stewart*, 27 N. Y. 310; *Gray* v. *Murray*, 3 Johns. Ch. 188; *Cockerel* v. *Cholmely*, 1 R. & M. 418; *Hoghton* v. *Hoghton*, 15 Beav. 278, 299; *Terry* v. *Munger*, 121 N. Y. 161.) There was no waiver by Geiler. (*Ripley* v. *A. Ins. Co.*, 30 N. Y. 136; *O. & L. C. R. R. Co.* v. *V. & C. R. R. Co.*, 63 N. Y. 176; *Wood* v. *Fleet*, 36 N. Y. 512; *Power* v. *Athens*, 26 Hun, 282; *Easton* v. *Pickersgill*, 55 N. Y. 310; *Mayor* v. *N. Y. R. Cons. Co.*, 8 Misc. Rep. 65; *Maroney* v. *Boyle*, 141 N. Y. 462.) The plaintiff is not legally bound to restore any money received under the contract of May tenth after the commencement of this action because of reasons already suggested. Plaintiff is objecting to the application of that contract and its performance to a subject not contemplated or included by the parties. (*Kley* v. *Healy*, 127 N. Y. 555; *Guckenheimer* v. *Angevine*, 81 N. Y. 397.) The conveyance was fraudulent and should have been so found. (*Royce* v. *Watrous*, 73 N. Y. 598; *Lawrence* v. *Am. Nat. Bank*, 54 N. Y. 436; *Cole* v. *Tyler*, 65 N. Y. 78, 79; *Fleischmann* v. *Stern*, 90 N. Y. 110; *Livingston* v. *M. E. R. Co.*, 138 N. Y. 76; *Buek* v. *M. R. Co.*, 73 Hun, 253; *Griffin* v. *Marquardt*, 21 N. Y. 122; *Royer Co.* v. *Fielding*, 31 Hun, 274; *Starin* v. *Kelly*, 88 N. Y. 423; *Seymour* v. *Wilson*, 14 N. Y. 567; *Chapman* v. *Morton*, 11 M. & W. 531; *Coleman* v. *Burr*, 93 N. Y. 31; *Smith* v. *Reid*, 134 N. Y. 575; *Knapp* v. *McGowan*, 96 N. Y. 85; *Young* v. *Heermans*, 66 N. Y. 382; *Clute* v. *Newkirk*, 46 N. Y. 684; *Sands* v. *Hildreth*, 14 Johns. 493; *Billings* v. *Russell*, 101 N. Y. 226; *Loeschigk* v. *Bridge*, 42 N. Y. 424; *Wheeler* v. *Brady*, 4 T. & C. 547; *In re Smith*, 95 N. Y. 516; *Sherman* v. *Hoagland*, 73 Ind. 472; *Leavitt* v. *La Force*, 71 Mo. 353; *Chase* v. *Welch*, 45 Mich. 345; *Carter* v. *Carpenter*, 7 Bush, 257; *Robinson* v. *Frankel*, 85 Tenn. 475; *Goshorn* v. *Snodgrass*,

17 W. Va. 717; *Fisher* v. *Herron*, 22 Neb. 183; *Gibson* v. *Hill*, 23 Tex. 77; *Marshall* v. *Green*, 24 Ark. 410; *Price* v. *Wood*, 76 Hun, 321; *Heilner* v. *Walsh*, 15 J. & S. 269; *Green* v. *Roworth*, 113 N. Y. 467; *Barnard* v. *Gantz*, 140 N. Y. 256; *Jackson* v. *Brush*, 20 Johns. 5; *Seward* v. *Jackson*, 8 Cow. 449; *Fuller* v. *Griffiths*, 60 N. W. Rep. 247.)

*William B. Hornblower* for respondents. Plaintiff is estopped by his admissions of title of defendant Littlefield to the One Hundred and Fifth street houses from disputing that title in this action, and as the title to the One Hundred and Twenty-fourth street property is based on the same deed and was a part of the same transaction, he is equally estopped from disputing the title to that property or its proceeds. (*Escolle* v. *Franks*, 67 Cal. 137; *McGravey* v. *Remson*, 54 Am. Dec. 194; Greenl. on Ev. §§ 207, 208; Bigelow on Est. [5th ed.] 460.) Estoppel by admission is a branch of the general subject of estoppel *in pais*. This case comes within the general doctrine of estoppel *in pais*, as well as within the special rules applicable to estoppel by admissions. (*Brown* v. *Bowen*, 30 N. Y. 519; *Pickard* v. *Sears*, 6 Ad. & El. 469; *Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 344; *Trustees, etc.*, v. *Smith*, 118 N. Y. 634.) On the principle of election, acquiescence and ratification, it is clear that the plaintiff is barred from maintaining this suit. (Bigelow on Estop. chap. 20; Bump on Fraud. Conv. [3d ed.] 464, 467; *Becker* v. *Walworth*, 45 Ohio St. 169; *Tate* v. *Leggitt*, 2 Leigh, 84; *Lane* v. *Lutz*, 1 Keyes, 203; *Jenness* v. *Berry*, 17 N. H. 549; *Morris* v. *Rexford*, 18 N. Y. 552; *Moller* v. *Tuska*, 87 N. Y. 166, 169; *Rodermund* v. *Clark*, 46 N. Y. 354; 22 Abb. [N. C.] 270; *Wile* v. *Brownstein*, 35 Hun, 68; *Blessey* v. *Kearny*, 24 La. Ann. 289; *P., etc., Co.* v. *Howard*, 13 How. [U. S.] 307; 14 How. [U. S.] 157.) There was no evidence of fraud in the conveyance to Mr. Littlefield. (*Tragman* v. *Littlefield*, 18 N. Y. Supp. 583.)

Haight, J. This action was brought by the plaintiff as a judgment creditor of one Diedrich Tragman, to have a certain

conveyance by Tragman to the defendant Frederick M. Little-field adjudged to have been made in fraud of the rights of creditors, etc.

On the 10th day of March, 1890, Tragman was the owner of certain property known as 210 and 212 West 105th street, and 57 and 59 West 124th street in the city of New York, and on that day together with his wife conveyed the same to the defendant Littlefield for the consideration as expressed in the deed of five hundred dollars. On the 105th street lots there were two five-story unfinished double flats in process of erection, requiring for the purpose of their completion an expenditure of about six thousand dollars. On the 124th street lots there had been erected two five-story flats which were substantially completed and partially occupied by tenants. On the 28th of March, 1890, Littlefield sold to one Maria E. Servoss the two 124th street lots for the sum of seventy-four thousand dollars, out of which he paid the liens existing against the premises, and had a surplus left in his hands of about the sum of five thousand dollars. At the time of the conveyance by Tragman to Littlefield, Tragman had a contract with the plaintiff to paint the buildings on 105th street, which contract was indorsed over to Littlefield and accepted by him. Thereafter, and on the 10th day of May, 1890, the plaintiff and defendant Littlefield entered into a new contract for painting the buildings at a price agreed upon of seven hundred and twenty-five dollars, which contract was drawn by the plaintiff's attorney, and in the specifications attached thereto the property is described as that belonging to Littlefield. At the time of making this contract plaintiff knew of the transfer of the property by Tragman to Littlefield, he had attended the meeting of the creditors of Tragman, had become informed of his financial standing and of his purpose in making the conveyance. His own claim had then been reduced to judgment, and was in the hands of his attorney for the purpose of collection, and this action was brought on the 21st day of May thereafter. On the 13th day of June the defendant wrote the plaintiff the following letter : " Dear Sir : My clerk

advises me that you called yesterday during my absence from the office, and that you advised that you were ready to carry out your contract. As I advised you the other day I certainly shall have to carry out mine, and I shall be pleased to do so. Regretting, however, that you feel obliged to institute proceedings against me after the very full explanation I gave you of all matters concerning the 105th and 124th street properties. Please push your work as rapidly as possible and oblige." Thereupon the plaintiff commenced his work on the contract, painted the buildings on 105th street, and was paid therefor by the defendant Littlefield.

The trial court found, as conclusions of law, that the plaintiff Geiler is estopped, by his admission of the defendant Littlefield's title, from maintaining this action; that the defendant Littlefield was bound to perform his contract with the plaintiff, and that the plaintiff cannot affirm the deed of Tragman to Littlefield in part and disaffirm it in part.

We are not satisfied that there was any estoppel in this case. Tragman had a contract with the plaintiff to paint the 105th street houses. He had performed some part of the contract when the transfer was made to Littlefield. At that time the contract was also transferred to Littlefield, who accepted it. Littlefield knew all of the facts connected with the transfer to him, and as to whether the deed was made for the purpose of hindering, delaying and defrauding creditors. Knowing all of the facts, he entered into a new contract with the plaintiff to paint the buildings upon the same terms embraced in the first contract, less the amount already earned thereon. The only purpose of the new contract that is apparent was to relieve himself from personal liability for the amount that had been earned upon the first contract. The buildings were uncompleted, and, in order to make them of use and produce an income, they had to be completed and painted. It is not apparent that Littlefield was misled by the contract, or that he would not have had the buildings painted by others if the plaintiff had refused to perform his contract. He paid the plaintiff for the painting it is true, and if his deed should now

be declared fraudulent he might suffer to the extent of the amount so paid. But if he acted in good faith in the matter, and the court should so find, it, in the exercise of its equity powers, could protect him by requiring the amount so paid to be refunded out of any sale that might be decreed.

But should we assume that there was an equitable estoppel, such estoppel would be based upon the principles of equity and its principles should be invoked only so far as the rules of equity require. It was recognized and applied by the trial court to the 105th street property, but should it have been to the 124th street property? It is true that the two properties were embraced in the same deed, and the respondent urges with much force that the deed was either voidable *in toto* or valid as a whole against creditors; that the plaintiff cannot affirm the deed in part and disaffirm it as to the remainder. This may be conceded to be the general rule, but in this case we have several distinguishing features which, to our minds, render it exceptional. The property embraced in the deed consists of separate, distinct parcels of real estate located in different sections of the city, and the contract for the paint-ing was a separate, independent transaction and had reference to the 105th street property only. The estoppel, if any, arises out of the payment for the painting and is based upon the theory that it would be unjust to permit the plaintiff to set aside the conveyance to Littlefield after the premises had been improved and the plaintiff paid by Littlefield for such improvement. The claim for which the plaintiff has procured this judgment was for work done by him in the construction of the 124th street buildings, and one of the elements of fraud charged by him consisted in procuring him to withhold the filing of his lien against those buildings for the amount of his claim, under promise of immediate payment, until after the transfer had been made to Littlefield.

Assuming that the plaintiff possessed a good cause of action and was entitled to the equitable relief that the deed should be declared void as being in fraud of his rights as a creditor,

77

the question is whether, by any act or conduct of his, the right to such relief is impaired, and, if so, to what extent. The object of the action is to obtain satisfaction of his judgment out of the property, not necessarily by sale of the whole, for it may be that one parcel may be sufficient to satisfy his claim. If so, his right to equitable relief must necessarily be restricted to a sale of but one parcel. An express or implied waiver of his right to sell one of the parcels does not necessarily operate as a forfeiture of his right to obtain satisfaction out of the other parcel. The plaintiff comes into a court of equity and prays for relief according to the principles of equity, and the question always is what *is* equity in his particular case. The court is not bound by any hard and fast rule, nor is it warranted in violating any established doctrine of equity in attempting to award relief in a particular case. But we apprehend no rule of equity will be violated in holding that an estoppel shall not work any farther than is reasonably and fairly within the intendment of the parties. A person is estopped only so far as his words or conduct has influenced another party. (Selden's Notes, No. 2, 47.) The defendant insists that because the plaintiff has benefited him in respect to one lot, the court should benefit him in respect to the other. We cannot perceive any equity or justice in such a rule. There can be no doubt that the plaintiff might expressly release one lot, reserving his rights as against the other and restricting his judgment and sale to the latter without throwing himself out of court, and, if that be so, no valid reason is apparent why he should be deemed to have implied more by the contract in question.

There would be no necessity of invoking the doctrine of equitable estoppel except upon the assumption that the conveyance is fraudulent. So treating it, we think the plaintiff may proceed against either separate parcel of real estate, and that a waiver or an estoppel as to one parcel does not operate as a waiver or estoppel as to the other. As to the 124th street property the plaintiff has never in any manner recognized the validity of Littlefield's title, and under the circum-

stances presented it appears to us that it would be inequitable to extend the principle of estoppel to this property.

The General Term, whilst agreeing with the trial court that there was an equitable estoppel, appears to have also been of the opinion that there was an election of remedies. We do not think there was any election of remedies. But if there was the contract of the plaintiff with the defendant Littlefield to paint the 105th street buildings was a separate independent contract by itself, wholly disconnected with the other matter out of which this litigation has grown, and under no rule of election of remedies could the election extend to property other than that embraced in that contract.

At the conclusion of the plaintiff's evidence the defendant's counsel moved for a dismissal of the complaint upon the ground that the plaintiff is estopped from maintaining this action by reason of the matters already considered. The trial court, as we have seen, held with the defendant, and the complaint was dismissed. The question of fraud has never been fully tried. It is only necessary for us to now determine whether there is evidence which would support a finding that the transfer was fraudulent. It appears that the defendant Littlefield entered into an agreement with Tragman's wife by which he agreed to divide the proceeds of the transaction with her, and if the testimony of the plaintiff and Tragman is to be taken as true, the court certainly would be justified in finding that the transaction was within the condemnation of the statute.

The judgment should be reversed and a new trial ordered, with costs to abide the final award of costs.

All concur, except VANN, J., dissenting.

Judgment reversed.